UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 11-4151 PSG (MANx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Wesley Pate v. Wells Fargo Bank Home Mortgage, Inc., d/b/a America's Servicing Company, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's *ex parte* application for an order continuing hearing and terminating employment of plaintiff's counsel

    Pending before the Court is Plaintiff Wesley Pate's ("Plaintiff") *ex parte* application for an order continuing hearing and terminating employment of Plaintiff's counsel. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiff's application.

I.    Background

    On September 29, 2010 Plaintiff initiated this mortgage-related action against Defendant Wells Fargo Bank Home Mortgage, Inc., d/b/a America's Servicing Company ("Wells Fargo"). Wells Fargo subsequently moved to dismiss Plaintiff's complaint, and served its moving papers on Plaintiff on May 20, 2011. *Yap Decl.* ¶ 2. The hearing on this motion is set for Monday, July 11, 2011. *Id.* ¶ 3.

    On July 1, 2011, Plaintiff's counsel, Chance E. Gordon, filed an *ex parte* application seeking, among other things, an order extending time to file an opposition to Wells Fargo's motion. *Dkt.* # 13 (July 1, 2011). Mr. Gordon maintains that "good cause" exists to advance the hearing because an individual named Richard Green, "Plaintiff's long-time attorney" who does not represent Plaintiff in this action or any related actions, *see Application* 3:5-6, n.1, purportedly stole Mr. Gordon's original case file. Wells Fargo filed a timely opposition to Plaintiff's application. *See Dkt.* # 17 (July 5, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4151 PSG (MANx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Wesley Pate v. Wells Fargo Bank Home Mortgage, Inc., d/b/a America's Servicing Company, *et al.* | | |

II. Legal Standard

The law on *ex parte* applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III. Discussion

Plaintiff's counsel in this action, Mr. Gordon, contends that he should be entitled to additional time to oppose Wells Fargo's motion to dismiss, as well as injunctive relief, based on "gross and unethical" sabotage by Plaintiff's personal lawyer, Richard Green, who does not represent Plaintiff in this action. Mr.Gordon attests that on June 21, 2011, Mr. Green stole his original case files that had been left with a custodian at Kinkos, in an effort to "destroy the original documents as a way to bolster his bogus malpractice case [against Mr. Gordon]." *Application* ¶ 11(d). This feud, however, does not justify the relief Mr. Gordon now seeks. *Ex parte* relief is reserved for applicants who demonstrate why they should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g*, 883 F. Supp. at 492. Plaintiff's opposition to Wells Fargo's motion was due on June 20, 2011, ***one day before*** the alleged theft of the case file from Kinko's. Accordingly, even if Plaintiff could establish that he will be irreparably prejudiced were the case to proceed according to regular noticed motion procedures, he fails to show that he is without fault in creating the situation that requires *ex parte* relief. Therefore, the Court holds that Plaintiff's counsel failed to satisfy the standard set forth in *Mission Power*.

IV. Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* application.

**IT IS SO ORDERED.**